UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CAROLINE S. ALLEN,<br><br>        Plaintiff,<br>  v.<br><br>QUALITY HOTEL,<br><br>        Defendant. | **DECISION and<br>ORDER**<br><br>**06-CV-673A(F)** |

_____

APPEARANCES:  CAROLINE S. ALLEN, *Pro Se*
         324 Ferry Avenue
         Niagara Falls, New York   14301

         GIBSON, MCASKILL & CROSBY, LLP
         Attorneys for Defendant
         NORMAN B. VITI, of Counsel
         69 Delaware Avenue, Suite 900
         Buffalo, New York   14202-3866

## JURISDICTION

On November 9, 2007, the Hon. Richard J. Arcara referred this matter to the undersigned for all pretrial proceedings (Doc. No. 13).  The matter is presently before the court on Plaintiff's motion for a default judgment, filed December 7, 2007 (Doc. No. 17) and Defendant's motion (Doc. No. 18), filed December 14, 2007, to set aside the Notice of Entry of Default (Doc. No. 10) entered October 10, 2007.[1]

---

[1] As neither motion is excluded by 28 U.S.C. § 636(b)(1)(A) from those pretrial matters a magistrate judge may "hear and determine," the court treats both motions as non-dispositive.

**BACKGROUND**

Plaintiff's amended complaint alleging employment discrimination based on Plaintiff's race and disability was filed May 9, 2007.  Defendant was served by mail pursuant to Fed.R.Civ.P. 4(e)(1) on June 18, 2007, and proof of service was filed on July 5, 2007 by the United States Marshals Service (Doc. No. 8).  On September 20, 2007, no answer having been timely served by Defendant, Plaintiff requested entry of default pursuant to Fed.R.Civ.P. 55(a).  Such entry of default was entered by the Clerk of Court on October 10, 2007 (Doc. No. 10).

On October 23, 2007, a Notice of Appearance on Defendant's behalf was filed by Gibson, McAskill & Crosby, LLP (Doc. No. 11).  Plaintiff's Motion for Default Judgment was filed December 7, 2007 (Doc. No. 17) ("Plaintiff's motion").  By papers filed December 14, 2007, Defendant moved, pursuant to Fed.R.Civ.P. 55(c), to set aside the Entry of Default or, alternatively, for a hearing on damages.  The motion is supported by the Affidavit of Norman B. Viti, Esq., ("Viti Affidavit"), Exhibits A-I ("Defendant's Exh(s). ___") and the Affidavit of Gary A. Pacioni ("Pacioni Affidavit") ("Defendant's motion").  Plaintiff's opposition to Defendant's motion was filed December 17, 2007 (Doc. No. 19) ("Plaintiff's Opposition").  As no scheduling order regarding Plaintiff's motion has been filed by the court, Defendant has not responded to Plaintiff's motion.  Oral argument was deemed unnecessary.

## FACTS[2]

According to Defendant,[3] the person who acknowledged receipt of the Summons and Amended Complaint by executing and returning the Statement of Service by Mail and Acknowledgment of Receipt by Mail form on Defendant's behalf, Gary A. Pacioni ("Pacioni"), failed to comprehend the legal significance of such document, and was not authorized to accept service of behalf of Defendant.[4]  Viti Affidavit ¶ ¶ 24-25; Defendant's Exhibit I, Pacioni Affidavit ¶ ¶ 7-8.  As a result of Pacioni's failure to promptly act following receipt of the summons and Amended Complaint, no answer in this action was timely filed by Defendant.  Viti Affidavit ¶ ¶ 25-26.  At the time of service, Pacioni was employed as general manager of Defendant hotel.  *Id.* ¶ 20.  Plaintiff's administrative complaint was rejected by the New York State Division of Human Rights for lack of probable cause.  Viti Affidavit ¶ 33; Defendant's Exhibit H.

In opposition, Plaintiff asserts that as a partner in Defendant, Mr. Pacioni was authorized to accept service and that "[l]ies can't over power the truth."  Oral argument was deemed unnecessary.  Based on the following, Defendant's motion is GRANTED; Plaintiff's motion is DENIED.

---

[2] Taken from the pleadings and papers filed in this action.

[3] Defendant asserts its correct name is NF Hotel, LLC.  Viti Affidavit ¶ 1.

[4] Section 312(b) of the New York Civil Practice Law and Rules requires that the acknowledgment of service by mail of the summons and amended complaint be made by an "authorized employee" of a defendant entity.  However, given the court's disposition of Defendant's motion, *infra*, the court need not address whether Pacioni was authorized to accept service so as to satisfy the service requirements as a prerequisite to the entry of default in this case.  *See* Baicker-McKee, Janssen, Carr, FEDERAL CIVIL RULES HANDBOOK (Thompson West 2008) at 953 ("the party against whom the default is entered must have been properly served with process.") (citing cases).

## DISCUSSION

An entry of default may be set aside for good cause. Fed.R.Civ.P. 55(c) ("Rule 55(c)").  In deciding a motion brought pursuant to Rule 55(c), courts consider a variety of factors, including a defendant's lack of wilful or culpable conduct, the existence of a meritorious defense, and the extent of any prejudice to plaintiff if an entry of default is set aside.  See *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (noting factors applicable to relief from an entry of default or a default judgment are same except factors applied more rigorously to vacating a default judgment); *see also S.E.C. v. McNulty,* 137 F.3d 732, 738 (2d Cir. 1998) (applying factors to motion to vacate default judgment); *Tesillo v. Emergency Physician Assoc's., Inc.*, 230 F.R.D. 287, 288-89 (W.D.N.Y. 2005).

Here, although Defendant's rationale for failing to respond to service of the Amended Complaint, *i.e.*, that Pacioni, while serving as general manager of the hotel, failed to comprehend the legal nature of the papers, is not credible, the court finds that Defendant's response to the entry of default demonstrates that, at worst, Pacioni's initial inaction upon receipt of the summons and Amended Complaint was prompted by simple, even gross, negligence, but not wilful disregard of this court's process.  *Tesillo, supra*, at 289 (noting that to demonstrate wilfulness, courts require more than carelessness or negligence).

Moreover, that Defendant may have a meritorious defense is demonstrated by the fact that Plaintiff's administrative complaint was deemed to be without probable cause.  Defendant's Exh. H.  While Defendant has not, as required, specified the facts

4

upon which it expects to prevail, *Tesillo, supra*, at 299 (defendant must show there exists a "determination for the fact finder to make") (citing cases), the court deems Plaintiff's inability to demonstrate probable cause at the preliminary administrative level to support the existence of a defense to Plaintiff's claims sufficient to warrant granting relief from the entry of default.

Further, Plaintiff fails to negate Defendant's assertion that permitting the case to be litigated on the merits will not effect any meaningful prejudice to Plaintiff, Viti Affidavit ¶ 28, particularly in regard to the loss of key evidence. Plaintiff's Opposition *passim*. In this case, while the approximately five month delay in the proceedings caused by Defendant's neglect in serving an answer is not insubstantial, nothing in the record supports finding Plaintiff will be significantly handicapped in terms of a potential loss of available evidence or witnesses, or the existence of other "roadblocks" to discovery, *Mathon v. Marine Midland Bank, N.A.*, 875 F.Supp. 986, 992 (E.D.N.Y. 1995), such as the potential for fraud or collusion. *Tesillo, supra*, at 289 (citing cases).

Finally, it is well established that litigation on the merits is preferable to judgment by default, and that the granting of a motion pursuant to Rule 55(c) is discretionary with the court. *See Enron, supra*, at 95. Accordingly, the record in the case at bar demonstrates (a) Defendant's failure to timely respond to service was not wilful, (b) the existence of a meritorious defense, and (c) the absence of prejudice to Plaintiff if the entry of default is set aside. As Defendant's motion should therefore be GRANTED, Plaintiff's motion for a judgment of default is, conversely, without merit, and should be DENIED.

## CONCLUSION

Based on the foregoing, Defendant's motion (Doc. No. 18) is GRANTED; Plaintiff's motion (Doc. No. 17) is DENIED.  Defendant's answer shall be filed and served **within 20 days**.


SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 3, 2008
         Buffalo, New York


**ANY APPEAL OF THIS DECISION AND ORDER MAY BE TAKEN BY FILING OF OBJECTIONS WITHIN 10 DAYS PURSUANT TO FED.R.CIV.P. 72(a).**